UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| C.J. TREFRY, as Parent of CT and JT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00175-JAW |
| | ) |
| THERESA PHILLIPS, *et al*., | ) |
| | ) |
| Defendants | ) |

**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES
AND
RECOMMENDATION OF DISMISSAL**

Having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, IT IS ORDERED that the application is GRANTED. The Clerk is directed to file the Complaint without the prepayment of fees or the necessity of giving security therefore.

Cindy Trefry, individually and as the parent on behalf of two minor child plaintiffs, has filed a complaint against eleven individuals, ranging from a social services case worker to a governor. These individuals all are officials in Michigan and the complaint relates to events that occurred in Michigan in 2005 when the state foster care system became involved with Trefry and her children. According to the complaint the children were retained within the Michigan foster care system for nineteen months before being returned to her custody. Trefry now resides in Biddeford, Maine, presumably with her minor children. She has filed two prior lawsuits in this court involving the same factual matrix, Trefry v. Granholin, 2:11-cv-00107-JAW and Trefry v. Cochorane, 2:11-cv-00108-JAW, both of which were dismissed for failing to state a claim. Trefry filed a notice of appeal in the prior cases on the 30th day following the entry of judgment.

The only one of the eleven defendants actually named within the body of the current complaint is Theresa Phillips who is mentioned in a handwritten footnote incorporated into the five-page typed complaint. According to the footnote, as corroborated by Doc. No. 1-1 -- a photocopy of visitation guidelines signed by Phillips and Trefry on April 27, 2005 -- Theresa Phillips was a social service worker assigned to the case involving Trefry and her children. It is unclear what role, if any, Phillips had in the removal of the children from Trefry's custody, but apparently she was instrumental in brokering a visitation program between Trefry and the children. The roles of the other ten defendants are not identified, other than it is clear that Jennifer Granholm is the Governor of Michigan and it appears that Trefry sent her a letter on March 31, 2005, seeking the return of her children. (Doc. No. 1-2).

Trefry brings her claim pursuant to 42 U.S.C. § 1983. Claims brought pursuant to § 1983 are subject to state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In this case the only relevant choice of law would be the Michigan statute of limitations for personal injury actions. The defendants all appear to be from Michigan and the conduct occurred in Michigan. In Michigan the general statute of limitations for personal injury actions is three years. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986); Nali v. Michigan Dept. of Corrections, No. 2:10–cv–29, 2011 WL 1598990, 8 (W.D.Mich. Apr. 27, 2011) ("For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. See Mich. Comp. Laws § 600.5805(10)"). Trefry complains of a constitutional violation that she alleges occurred in 2005, apparently sometime prior to March 31 of that year. She filed the complaint in this court on April 27, 2011, more than six years after the alleged violation. Her complaint is time barred and should be summarily dismissed with prejudice by this court.

The prior dismissals of Trefry's two earlier and similar complaints did not clearly spell out whether the dismissal was with or without prejudice. By operation of Rule 41(b) of the Federal Rules of Civil Procedure those earlier dismissals most probably should be considered as an adjudication on merits, providing a separate and distinct bar to this action. However, I have not relied upon those earlier dismissals in fashioning this recommendation. Trefry is now on notice that any further effort to revive this time barred complaint is simply not allowed and her continuing attempts to bring a lawsuit against these Michigan officials in this court could ultimately result in court imposed sanctions. "A part of the Court's responsibility is to see that [the Court's limited] resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous [filings] does not promote that end." In re McDonald, 489 U.S.180, 184 (1989). In the event of further filings of this ilk, an injunction could issue against Trefry and would be appropriate under 28 U.S.C. § 1651(a), which gives courts authority to prohibit the filing of vexatious lawsuits. See Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir.1993).

**Conclusion**

Based upon the foregoing I recommend the court dismiss this complaint with prejudice and enter judgment for the defendants.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

3

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 16, 2011