UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| C. J. TREFRY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00175-JAW |
| | ) | |
| THERESA PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION AND DENYING MOTION TO AMEND COMPLAINT**

C.J. Trefry returns to Court with a complaint about the way Michigan state officials handled a matter involving her and her children. *Compl.* (Docket # 1). This is the third lawsuit Ms. Trefry has filed in this Court on the same issue. *See Trefry v. Granholin*, Docket No. 2:11-cv-107-JAW; *Trefry v. Cochorane*, Docket No. 2:11-cv-108-JAW. The Court dismissed the earlier lawsuits for failure to state a claim and Ms. Trefry appealed those dismissals. On May 16, 2011, the Magistrate Judge recommended the dismissal of this lawsuit with prejudice. *Order Granting Application to Proceed Without Prepayment of Fees and Recommendation of Dismissal* (Docket # 4). On June 2, 2011, Ms. Trefry objected to the Recommended Decision and moved to amend her Complaint. *Mem. Objecting to R&R to Dismiss* (Docket # 6) (*Pl.'s Opp'n*).

The Magistrate Judge based her recommendation on the application of the three year Michigan statute of limitations to this action. *Recommended Decision* at

2. She pointed out that under 42 U.S.C. § 1983, the applicable state statute of limitations applies and, as Ms. Trefry's claim is controlled by Michigan law, the three year Michigan statute of limitations controls. *Id.* To bring this action, Ms. Trefry must demonstrate that her cause of action arose from events within three years of the date she filed the Complaint. Ms. Trefry filed the Complaint on April 27, 2011, and she must allege events on or after April 27, 2008.

As the Magistrate Judge pointed out, although Ms. Trefry listed a number of individuals as Defendants, the only Defendant named in the body of the Complaint is Theresa Phillips. *Recommended Decision* at 2; *Compl.* at 3. Yet, Ms. Trefry does not allege that Ms. Phillips took any actions within the three year limitations window. In her Complaint, Ms. Trefry says that Theresa Phillips "signed the contract with this writer 6 years ago today." *Compl.* at 3. She attached as exhibits to her Complaint a copy of the Visitation Guidelines that she and Ms. Phillips signed on April 27, 2005, *id.* Attach. 1; a March 31, 2005 letter she wrote to the Governor of the state of Michigan complaining about the court system and her family situation, *id.* Attach. 2; and a *pro se* motion, which is undated, in a state of Michigan Court under case number 05-1035 NA. As there are no allegations of any Michigan state actions, including actions by Ms. Phillips, occurring after April 27, 2008, dismissal is proper based on the statute of limitations.

Despite the clear language in the Recommended Decision, Ms. Trefry has remained under the misapprehension that a six year statute of limitations applies. *Pl.'s Opp'n.* at 2 ("I would like to, respectfully, clarify that case 2:11-cv-00175 is a

claim for bad faith and breech (sic) of contract, with a six year statute of limitations, as I understand it . . ."). Furthermore, despite the Magistrate Judge's clear ruling that a three year, not six year statute of limitations applies, she has made no allegations of fact in her proposed Amended Complaint to bring the case within the three year statute of limitations. *See* MICH. COMP. LAWS ANN. § 600.5805(10). Unfortunately, even with the additional information in the Amended Complaint, Ms. Trefry still does not state a viable federal cause of action.

Pursuant to Rule 15(a)(1), the Court grants the motion to amend the Complaint. *See* FED. R. CIV. P. 15(a)(1). Nevertheless, the Amended Complaint is still subject to dismissal for the same reasons the Magistrate Judge set forth in her Recommended Decisions. Whether technically this Order is an affirmance of the Recommended Decision or a stand-alone Order based upon the Amended Complaint is beside the point since the result is the same. The Court affirms the Recommended Decision and orders the Amended Complaint dismissed.

Finally, although the Court resolved Ms. Trefry's Amended Complaint on statute of limitations grounds, there are other equally significant defects in her cause of action, at least one of which was the subject of the Magistrate Judge's Recommended Decision on her earlier-filed cases. *See Trefry v. Granholm*, Docket No. 2:11-cv-107-JAW; *Trefry v. Cochorane*, No. 2:11-cv-108-JAW, *Order Granting Application to Proceed Without Prepayment of Fees and Recommendation of Dismissal* (Docket # 4) (recommending dismissal of the Complaints because they failed to allege a plausible suggestion of conspiracy). The Court echoes the

3

Magistrate Judge's warning that Ms. Trefry may not continue to file what is essentially the same cause of action in this Court when the Court has determined that the cause of action lacks merit. If Ms. Trefry files the same Complaint again, the Court may be required to impose sanctions against her to restrict future filings. *See Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

The Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and the Court concurs with the United States Magistrate Judge for the reasons set forth in her Recommended Decision and determines that no further proceedings are necessary.

1. The Court ORDERS that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED;
2. The Court further ORDERS that the Complaint (Docket # 1) is hereby DISMISSED with prejudice; and,
3. The Court further ORDERS that the Motion to Amend Complaint (Docket # 7) is hereby DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2011